**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **KIMBERLY ACKER, ET AL.** | : | **DOCKET NO. 06-0710** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **M. BOLIVAR BISHOP, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

<u>**MEMORANDUM RULING**</u>

Before the court is defendants, The City of DeRidder and Unknown Police Officers of the City of DeRidder's Motion for More Definite Statement, Fed.R.Civ.P. 12(e), [doc. # 7]. Defendants allege that plaintiffs' petition is so vague and ambiguous that defendants cannot reasonably be required to frame a responsive pleading.

The Rule 12(e) motion for a more definite statement is disfavored.[1] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959). This motion is granted only when the pleading addressed is so vague that the moving party cannot reasonably be expected to frame a responsive answer. *Guste v. Shell Oil Company*, 161 F.R.D. 329, 330 (E.D. La. 1995) (citing 5A Charles Wright and Arthur Miller, Federal Practice and Procedure § 1377 (1990). "[A]ll the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[2] *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957). "A motion for a more definite statement will not be granted where the moving party

---

[1] Rule 12(e) provides in relevant part:
"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. . . ."

[2] Under Rule 8(a), the complaint need only contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery." *Brown v. Maxxam, Inc.*, C. A. No. 90-1468, 1991 Westlaw 13918 (E.D. La. 1/28/1991), *affirmed*, 993 F.2d 1543 (5th Cir. 1993)(citing, *Mitchell, supra*); *see also*, *Wilmington Trust Company v. Stone Lumber Company*, C. A. No. 96-1499 1996 Westlaw 700752 (E.D. La. 12/4/1996)(motion for more definite statement denied where plaintiff may later receive more specific facts through discovery). At the same time, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992 (2002).

Defendants' motion seeks additional details of plaintiffs' claims including *inter alia*: the time, place and circumstances of the specific acts alleged against movants; movants' specific policy, custom, or practice that purportedly violated plaintiff's constitutional rights; the complaints that were made to movants that remained un-investigated; and the specific names of the "unknown" police officers. (*See*, proposed order). However, the complaint alleges that plaintiffs' children were taken from school to the Beauregard Parish Sheriff Department and/or to the DeRidder City Police Department for questioning. (Complaint, ¶ 9). Plaintiffs seek damages against defendants (including movants) under 42 U.S.C. § 1983 for violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and unlawful detainment. (Complaint, ¶¶ 13-20).

In sum, defendants have adequate notice of the circumstances giving rise to plaintiffs' claims and sufficient information outlining the elements of those claims, such as to file responsive pleadings. *See, Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

The more specific details that movants seek is a matter for conventional discovery devices. *See*, *Brown, supra*.[3]

Accordingly, defendants' motion for more definite statement, Fed.R.Civ.P. 12(e) [doc. # 7] is hereby DENIED.

IT IS SO ORDERED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 10, 2006.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3] Rule 26 states, in pertinent part, that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . ." Fed.R.Civ.P. 26(b)(1).

3