UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KIMBERLY ACKER, ET AL.** | : | **DOCKET NO. 2:06 CV 0710** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **M. BOLIVAR BISHOP, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Presently pending is plaintiffs' motion for class certification. (Doc. 18). It has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiffs seek damages under 42 U.S.C. § 1983 and state law for damages allegedly caused as a result of defendants actions in questioning and detaining their minor children. They seek to certify a class under Fed.R.Civ.P. 23(b)(3) consisting of:

> [A]ll Beauregard Parish residents who have a child or children which attended Pine Wood Elementary on or about Aprile 28, 2005, and who were brought to the Beauregard Sheriff's Department and/or the DeRidder City Police Department to be question about a teacher.[1]

This lawsuit had its genesis in a police investigation of claims of sexual abuse against a 4th grade teacher at Pine Wood Elementary School in DeRidder, Louisiana. Following a complaint against the teacher a statement was taken from the complainant and the teacher. The teacher was placed on leave. Approximately one week later several more students came forward

---

[1] Interestingly, the Pruitts are not members of the proposed class.. Their child was questioned at the school. Petitioner's First Amending Complaint.

with similar allegations against the same teacher.  This prompted a meeting with the district attorney and a full scale investigation followed.  Initially court orders were obtained for statements from an additional ten students who reported inappropriate behavior by the teacher in question.  A decision was then made to interview the entire fourth grade class.  On April 28, 2005, the class was told that they were going on a field trip to city hall. Thirty-eight children were brought to city hall, including the ten subjects of the court orders.  The Ackers' child was allegedly among these students.  The investigation then broadened to include former students.  A court order was obtained to interview a number of former students including the Pruitts' child.  These children were interviewed on May 5, 2005, at the school pursuant to the court order.   This suit followed.

On August 2, 2006, this court issued an order relative to the issue of class certification.  The parties were to submit memoranda, affidavits, and deposition excerpts on or before January 2, 2007.  Plaintiff were to also submit a proposed case management plan to be used in evaluating whether the requirements of Rule 23(b)(3) are satisfied.  As no party has requested an evidentiary hearing the issue of class certification is now submitted for decision.

This court is granted wide discretion in deciding whether or not to certify a proposed class.  *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 471-72 (5th Cir. 1986).  However, a prerequisite to the exercise of this discretion is a rigorous analysis of the rule 23 requirements.  *Castano v. American Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996). Plaintiffs bear the burden of proof.  *Id.* at 740.

The determination of whether certification of a class is appropriate in this case involves a two pronged inquiry.  One prong involves a determination of whether the case satisfies the

prerequisites for any class action set out in Fed.R.Civ.P. 23(a). The other prong involves a determination of whether the case falls within the definition of one of the particular types of class actions set out in Fed.R.Civ.P. 23(b)--in this case Fed.R.Civ.P. 23(b)(3).[2] Because plaintiffs have not borne their burden of showing that the requirements of 23(b)(3) are satisfied consideration of whether the requirements of 23(a) are met is unnecessary.[3]

Certification under 23(b)(3) requires the plaintiffs to show that common issues predominate, and that class treatment is the superior way of resolving the dispute. *Patterson v. Mobil Oil Corporation*, 241 F.3d 417, 418-19 (5th Cir. 2001). The predominance and superiority requirements are "far more demanding" than is rule 23(a)(2)'s commonality requirement. *Amchem Prods. v. Windsor*, 521 U.S. 591, 624 (1997). Consideration of class certification must proceed on a claim by claim basis. *Patterson v. Mobil Oil Corporation, supra,* at 419;. "[A] court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues. *Castano v. American Tobacco Co.*, *supra* at 744.

Plaintiffs have offered nothing other than a conclusion that would support a finding that common issues predominate over individual issues. In general, they claim that the issues of whether defendants had the right to move the children to city hall for questioning, and whether defendants had to right to deny the parents the right to pick the student up until they were later

---

[2] In their complaint Plaintiffs alleged that certification was appropriate under 23(b)(2) as well. However, this claim was not made in their motion to certify.

[3] While it is not necessary to reach the issue it is noted that Plaintiffs have submitted no evidence to support their claim of adequacy of representation. Plaintiffs must show that they are "'willing' and 'able' to "take an active role in and control the litigation and to protect the interests of absentees." *Berger v. Compaq Computer Corp.*, 257 F.3d 475 (5th Cir. 2001). Of course, the burden in this regard is on Plaintiffs. *Id.*

notified are common issues.  However, they are not common to all.  For example they don't apply to the Pruitts.  Further, there is no indication that all, or even most, of the parents requested and were denied the right to pick the students up.   It is obvious that the determination of damages will require individualized consideration of each class member.  This court concludes that Plaintiffs have failed to bear their burden of establishing that common issues predominate.

Plaintiffs have also failed to successfully bear their burden with regard to superiority. First, "[t]he predominance of individual-specific issues relating to the plaintiffs' claims . . detracts from the superiority of the class action device in resolving these claims." *Allison v. Citgo Petroleum Corp.*,151 F.3d 402, 419 (5th Cir. 1998). Additional factors also weigh against the superiority of class certification.

The primary purpose for the class action is to conserve resources and provide for economical litigation.  *General Telephone Co. of Southwest v. Falcon*, 102 S.Ct. 2364, 2369 (1982); *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 471 (5th Cir. 1986).  It does this primarily by combining legally and factually similar actions into one suit.  This avoids unnecessary duplication and inconsistency.  Those goals will be equally well served in this case by the use of  Fed.R.Civ.P. 42.

Plaintiffs were directed to submit a detailed case management plan showing how the claims of the putative class members would be resolved in the event of class certification.  This was their opportunity to demonstrate the superiority of the class action.  Instead, Plaintiff's submitted a generic case management plan that would be more likely viewed as a case management plan that would apply in the absence of class certification.  Their failure to offer any realistic plan that would apply in the event of class certification adds weight to this court's conclusion that a class action is not superior to other available methods for the fair and efficient

adjudication of these claims.

Indeed, "[t]he most compelling rationale for finding superiority in a class action" is the existence of a negative value suit. *Castano v. American Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996). However, here Plaintiff are suing under § 1983 where a successful claimant can recover attorney fees. This makes it likely that any claimant wishing to make a meritorious claim will have reasonable access to the courts.

In addition, there are other significant disadvantages to the use of a class action in this matter. Class certification skews the outcome of litigation. Class certification makes it more likely that a defendant will be found liable and that awards will be higher. *Castano v. American Tobacco Co.*, *supra*. Certification also creates pressure on the defendants to settle independent of the merits of the claims. *Id.* Additionally, it appears obvious that, generally, the submission of a number of individual cases to the collective wisdom of different juries has inherent advantages to submitting all claims to the decision of a single jury. *Id.*

Plaintiffs have failed to show that the requirements of Fed.R.Civ.P. 23(b)(3) have been satisfied. Accordingly, it is recommended that the motion for class certification be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL**

**CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 27th day of March, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE