UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **KIMBERLY ACKER, individually and on behalf of her minor daughter, KEOCIA ACKER, JOHN and SANDRA PRUITT, individually and on behalf of their minor daughter, MIRANDA PRUITT and on behalf of all person similarly situated individuals** | **CIVIL ACTION NO. CV06-0710**  **JUDGE TRIMBLE** |
| **VERSUS** | **MAGISTRATE JUDGE WILSON** |
| **M. BOLIVER BISHOP, as the duly elected sheriff of the Parish of Beauregard, BEAUREGARD PARISH SHERIFF'S DEPARTMENT, CITY OF DERIDDER, DETECTIVE ROBERT MCCULLOUGH and OTHER UNKNOWN POLICE OFFICERS AND/OR SHERIFF DEPUTIES, individually and in their capacity as duly commissioned law enforcement officers and/or deputies of the Beauregard Parish Sheriff Department and/or the City of DeRidder** | |

**PRETRIAL STATEMENT**

NOW, through undersigned counsel, come plaintiffs, Kimberly Acker, individually and on behalf of her minor daughter, Keocia Acker, John and Sandra Pruitt, individually and on behalf of their minor daughter, Miranda Pruitt, and on behalf of all persons similarly situated individuals, collectively referred to as ("Plaintiffs"), who submit the following Pretrial Statement:

1. <u>Jurisdiction:</u> Plaintiffs do not contest the jurisdiction of this Court.

2. <u>Additional Pleadings:</u> None anticipated at this time.

3. <u>Pending Motions:</u> None.

4. <u>Brief Summary of Case by Plaintiffs</u>:

After reports of allegations of molestation against Pinewood Elementary teacher, Timothy Brannon, were made to Gus Martinez, at the central office of the Beauregard Parish School Board, Gus Martinez contacted Robert Burton since Mr. Burton was the attorney who handled the school board's legal matters. Robert Burton was also the Beauregard Parish District Attorney at the time. After explaining the situation to Robert Burton, Mr. Burton contacted Chief Deputy Sheriff Robert McCullough for a meeting to discuss the investigation into these allegations against Timothy Brannon. Robert McCullough advised Sheriff Bishop of such meeting. Present at this meeting were Robert Burton, Robert McCullough, Sheriff Bishop, DeRidder City Police Personnel, and various other persons.

At the conclusion of this meeting, it was collectively decided that the 4th grade children in the two (2) classes taught by Timothy Brannon would be taken from their classrooms to the DeRidder City Police Station and/or the Beauregard Parish Sheriff's Office for interviews. This detainment and interviewing without notifying any of the minor children's parents or custodians and without the presence of any of the minor children's parents or custodians. Robert McCullough contacted law enforcement at the Calcasieu Parish Sheriff's Office, the Allen Parish Sheriff's Office, the Vernon Parish Sheriff's Office, and the Leesville City Police to borrow detectives to conduct such interviews on the minor children.

The first class of children taken from school were bused to DeRidder City Hall to be interviewed. The second class of children taken from school and transported by Robert McCullough and Deputy V.J. Franks. Robert McCullough was of the opinion that all of these children were either possible victims or material witnesses.

When they were taken from school, the children were told that they were going on a field

trip and were not told the true intentions of what they were being asked to do. Some children were interviewed pursuant to court orders and some were not. Miranda Pruitt was one of the minor children interviewed pursuant to a court order, whereas Keocia Acker was one of the 29 minor children who were interviewed without any court order. Most of the children taken from school were interviewed by the time the school day ended and the children were not free to leave. Kimberly Acker went to the sheriff's office around 3:45 p.m. to pick up her daughter. Kimberly Acker was told that she would be called whenever her daughter was finished. Kimberly Acker could not pick up her daughter until 6:00 p.m. that night.

5. <u>Issues of Fact:</u>

   A. Whether permission was sought and obtained from the parents of the two (2) children in this suit to interview the children outside the presence of said parents prior to law enforcement meeting with such children.

   B. Whether the said children were capable of consenting to meetings/interviews with law enforcements and if so, did they consent.

   C. Whether the said children were detained by law enforcement

   D. Whether the detainment of the minor children was reasonable.

   E. Whether Sheriff Bishop and Chief Deputy Sheriff McCullough could reasonably rely on the expertise, advise and/or instructions of the Beauregard Parish District Attorney concerning interviewing of the children outside the presence of their parents and without parental consent.

   F. Whether Sheriff Bishop and Chief Deputy Sheriff McCullough personally participated in such alleged interviews/detainment of the two (2) minor children.

G. Whether either of the said two (2) children suffered any damages as a result of actions or omissions of Sheriff Bishop or Chief Deputy Sheriff McCullough.

H. Whether Sheriff Bishop and Chief Deputy Sheriff McCullough are entitled to qualified immunity as a shield from suit herein since they relied upon the District Attorney's expertise, advice, and instruction and knew of no legal impediments to conducting interviews on minor children such as those in this suit in the matter so conducted.

I. Whether the District Attorney possessed any expertise in detaining and interviewing minor children.

J. Whether Sheriff Bishop or Chief Deputy Sheriff McCullough gave any opinions and/or suggestions at the meeting with the District Attorney regarding the detainment and interviewing of minor children, and, if so, were any of these opinions and/or suggestions followed.

K. Whether a District Attorney's knowledge of detaining and interviewing minor children is any greater or should be given any greater weight than that of a law enforcement officer who regularly detains people and interviews them.

L. Whether Sheriff Bishop and Chief Deputy Sheriff MCullough, as members of the Beauregard Parish Sheriff's Department, should have known of the proper procedures to detain and conduct interviews on minor children.

M. Whether Sheriff Bishop and Chief Deputy Sheriff McCullough acted as reasonably, prudent Sheriff Deputies under the facts and circumstances of this case.

6. <u>Issues of Law:</u>

    A. Whether Sheriff Bishop can be liable for not knowing how to detain and interview minor children, forcing him to rely on third parties.

    B. Whether Sheriff Bishop can be liable for relying on the District Attorney, who is not a law enforcement officer, for the proper procedure to detain and interview minors.

    C. Whether Chief Deputy Sheriff McCullough can be liable for transporting a minor child from school to an outside location without first obtaining consent from that minor's legal guardian.

    D. Whether Chief Deputy Sheriff McCullough can be liable for not knowing how to detain and interview minor children, forcing him to rely on third parties.

    E. Whether Chief Deputy Sheriff McCullough can be liable for coordinating the investigation of Tim Brannon, which included the detainment and interviewing of the minor children.

    F. Whether Sheriff Bishop and Chief Deputy Sheriff McCullough could legally pass their duties as law enforcement officers to a third party such as the Beauregard Parish District Attorney.

    G. Whether Sheriff Bishop and Chief Deputy Sheriff McCullough are entitled to qualified immunity as a shield from liability, even though they admittedly did not know how to detain and/or interview minors in a criminal investigation and had to rely on a third party.

    H. Whether failing to obtain plaintiffs' consent to interview their minor children constituted violations of 42 U.S.C. § 1983.

    I. Whether Sheriff Bishop and Chief Deputy Sheriff McCullough unlawfully detained the minor children, in violation of 42 U.S.C. § 1983.

    J. Whether interviewing the minor children outside the presence of their parents constituted violations of 42 U.S.C. § 1983.

    K. Whether plaintiffs are entitled to an award of punitive damages and/or attorney's fees pursuant to 42 U.S.C. § 1983.

    L. Whether Sheriff Bishop and/or Chief Deputy Sheriff McCullough were negligent for its employees' acts and/or omissions concerning the detainment and interviewing of the minor children.

    M. Whether Sheriff Bishop and/or Chief Deputy Sheriff McCullough are liable through *respondent superior* for the acts and/or omissions of Allen Parish Deputy Sheriff Peggy Kennedy and/or Beauregard Parish Deputy Sheriff Jeanne Faciane.

    N. Whether the Order obtained by the District Attorney for the interviewing of various minor children was a valid order for the detainment and interviewing of minor children.

    O. Whether the Order obtained by the District Attorney for the interviewing of various minor children violated the plaintiffs' constitutional rights by allowing these minor children to be detained and interviewed without parental consent.

7. <u>List of Witnesses:</u>

Will Call Witnesses:

    A. Kimberly Acker
       116 Pine Tree Lane
       DeRidder, Louisiana 70634

    B. Keocia Acker
       116 Pine Tree Lane

    DeRidder, Louisiana 70634

C. John Pruitt
255 Corkern Road
DeRidder, Louisiana 70634

D. Sandra Pruitt
255 Corkern Road
DeRidder, Louisiana 70634

E. Miranda Pruitt
255 Corkern Road
DeRidder, Louisiana 70634

F. M. Bolivar Bishop, Sheriff
Beauregard Parish Sheriff's Office
120 South Stewart Street, DeRidder, Louisiana 70634

G. Robert L. McCullough, Jr., Deputy Chief Sheriff
Beauregard Parish Sheriff's Office
412 Mayeaux Drive
DeRidder, Louisiana 70634

H. Janet Beebe, Detective
Beauregard Parish Sheriff's Office
412 Mayeaux Drive
DeRidder, Louisiana 70634

I. Jeanne Faciane, Detective
Beauregard Parish Sheriff's Office
412 Mayeaux Drive
DeRidder, Louisiana 70634

J. Robert Butler, Deputy Sheriff
Beauregard Parish Sheriff's Office
412 Mayeaux Drive
DeRidder, Louisiana 70634

K. V.J. Franks, Deputy Sheriff
Beauregard Parish Sheriff's Office
412 Mayeaux Drive
DeRidder, Louisiana 70634

L. David W. Burton, District Attorney
36th Judicial District
124 South Stewart Street

    DeRidder, Louisiana 70634

M. Richard Johnson, Chief of Police, City of DeRidder
    200 South Jefferson Street
    DeRidder, Louisiana 70634

N. Peggy Kennedy, Allen Parish Sheriff's Deputy
    Allen Parish Sheriff's Office
    601 Court Street
    Oberlin, Louisiana 70655

O. Amy Hennigan Slaydon, Office of Children Youth & Family Services
    302 Vernon Street
    New Llano, Louisiana 71461

P. Gus Martinez, Beauregard Parish School Board retiree
    180 Kerry Street
    DeRidder, Louisiana 70634

Q. Kathy Hebert, Beauregard Parish School Board employee
    Pine Wood Elementary School
    800 Mel Branch Drive
    DeRidder, Louisiana 70634

R. Patty Farris, Beauregard Parish School Board employee
    Pine Wood Elementary School
    800 Mel Branch Drive
    DeRidder, Louisiana 70634

S. Sue Goins, Beauregard Parish School Board employee
    Pine Wood Elementary School
    800 Mel Branch Drive
    DeRidder, Louisiana 70634

T. Kim Fogleman, Beauregard Parish School Board employee
    Pine Wood Elementary School
    800 Mel Branch Drive
    DeRidder, Louisiana 70634

U. Susan Broussard, Beauregard Parish School Board employee
    Pine Wood Elementary School
    800 Mel Branch Drive
    DeRidder, Louisiana 70634

    V.  Linda Edmunds, Beauregard Parish School Board employee
Pine Wood Elementary School
800 Mel Branch Drive
DeRidder, Louisiana 70634

8. <u>Exhibits:</u>

   A.  Attendance roll sheet from the class of Timothy Brannon applicable to April 2005.

   B.  Attendance roll sheet from the class of Kathy Hebert applicable to April 2005.

   C.  Exemplified copy of Motion to Take Videotape Statement with Order of the Court pertaining to children designated "A.W.", "A.P.", "J.S.", "D.P.", "K.R.", "A.B.", "K.M.", "J.B.", "K.R.", and "J.R."

   D.  Exemplified copy of Motion to Take Videotape Statement with Order of the Court pertaining to children referred to as "B.N.", "B.R.", "A.F.", "E.C.", "M.P.", "J.B.", "Y.B.", "K.S.", "R.S.", "T.E.", and "K.G."

   E.  Sheriff's Interview Work Sheet concerning the minor, "M.B.P." dated May 5, 2005, by Beauregard Parish Deputy Sheriff Jeanne Faciane.

   F.  Sheriff's Interview Work Sheet concerning the minor, "K.S.A." dated April 28, 2005 by Allen Parish Deputy Sheriff Peggy Kennedy with transcript of the interview of said minor.

   G.  The original contact sheet prepared by Amy L. Hennigan and used by either Chief Deputy Robert L. McCullough, Jr. or Deputy Robert Butler, or both, in their efforts to contact parents or other custodians of the minor students from Ms. Hebert's class to be interviewed regarding their whereabouts.

   H.  The copy of original copy of the original contact sheet prepared by Amy L. Hennigan and used by either Chief Deputy Robert L. McCullough, or Deputy Robert Butler, or

both, in their efforts to contact parents or other custodian of the minor students from Ms. Hebert's class to be interviewed regarding their whereabouts.

I. The original copy, or a copy of the original contact sheet prepared by Amy L. Hennigan and used by either Chief Deputy Robert L. McCullough, or Deputy Robert Butler, or both, in their efforts to contact parents or other custodian of the minor students from Mr. Brannon's class to be interviewed regarding their whereabouts.

J. Audiotape of interview of plaintiff' Acker's child on April 28, 2005 by Allen Parish Deputy Sheriff, Peggy Kennedy.

K. CD of Allen Parish Deputy Peggy Kennedy with plaintiff Acker's child including interview listed in item "J" hereinabove.

9. <u>Depositions:</u> Plaintiffs intend on using any and all depositions taken in this matter for impeachment purposes at the trial of this matter.

10. <u>Stipulations:</u> None at this time.

11. <u>Probable Length of Trial:</u> Three (3) days.

12. <u>Other Matters:</u> None at this time.


Date: May 19, 2008

s/L. Clayton Burgess
**L. CLAYTON BURGESS (22979)**
L. CLAYTON BURGESS, A P.L.C.
605 West Congress Street
Post Office Drawer 5250
Lafayette, Louisiana 70502-5250
Telephone: (337) 234-7573
Facsimile: (337) 233-3890
Attorney for Plaintiffs

## CERTIFICATE

**I HEREBY CERTIFY** that I am the chief trial attorney and that I have mailed or delivered a copy of this Pretrial Statement to David R. Lestage, counsel of record for defendants, who is the only other chief trial attorney in his suit, not less than thirty (30) days prior to the date that this case is fixed for trial.

Lafayette, Louisiana, this 19th day of May, 2008

s/L. Clayton Burgess<br>
<b>L. CLAYTON BURGESS</b>